NICHOLAS A. TRUTANICH
United States Attorney
District of Nevada
Nevada Bar Number 13644
Nicholas D. Dickinson
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
702-388-6336
Nicholas.dickinson@usdoj.gov
Attorney for the United States of America

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> STEPHEN T. PARSHALL, <br>     aka "Kiwi" <br> ANDREW LYNAM, and <br> WILLIAM L. LOOMIS, <br><br>     Defendants. | Case No.: 2:20-cr-00128-KJD-BNW <br><br> GOVERNMENT'S DISCLOSURE STATEMENT |

Pursuant to LCR 16-1(b)(2) of the Local Rules of Practice for the District of Nevada, Nicholas Dickinson, Assistant United States Attorney, contacted, Robert Draskovich, Jr., counsel for defendant Parshall; Thomas Pitaro, counsel for defendant Lynam; and Monti Levy, counsel for defendant Loomis, to discuss scheduling of discovery in the instant case. **The Government has provided this Government Disclosure Statement to defense counsel and is moving forward with providing discovery in this matter.** The Government agrees to provide discovery in the instant case as follows:

**Discovery Schedule**

A. The Government will provide or permit the defendant to inspect and copy or photograph:

    1) All statements, documents, and objects, including audio or video recordings, required to be disclosed under Rules 16(a)(1)(A)-(F), Federal Rules of Criminal Procedure.

    2) All search warrants and supporting affidavits, which relate to evidence that may be offered at trial. The Government will provide defendant with copies of all items seized during the searches once the searches are complete.

    3) The Government will provide expert disclosures as required under Rule 16(a)(1)(G), Federal Rules of Criminal Procedure.

B. The Government will provide as soon as reasonably possible any exculpatory information of which it is aware. The Government will provide any subsequently discovered exculpatory information reasonably promptly upon its discovery. The Government will provide impeachment information relating to government witnesses who will testify at a pre-trial hearing, trial or sentencing sufficiently in advance of the hearing, trial or sentencing to allow the hearing, trial or sentencing to proceed efficiently.

C. The Government hereby makes any and all demands for reciprocal disclosures from the defendant under Federal Rules of Criminal Procedure 12.1, 12.2, 12.3 and 16, including but not limited to the following, to be provided prior to trial:

    1) All documents, objects, and reports of examination required under Rules 16(b)(1)(A) and (B), Federal Rules of Criminal Procedure.

    2)     All expert disclosures as required under Rule 16(b)(1)(C), Federal Rules of Criminal Procedure.

    3)     All notices of any defenses under Rule 12.1, Federal Rules of Criminal Procedure.

    4)     Any summaries, charts, or calculations, which the defense intends to offer at trial.

D.     The Government will no later than 5 days before trial or at such subsequent time as the Government learns any of the following information:

    1)     Disclose any summaries, charts, or calculations, which the Government intends to offer at trial.

    2)     Identify recordings, transcripts of recordings, or portions thereof, which the Government intends to offer at trial.

    3)     Disclose any reports or memoranda of interviews of witnesses the government intends to call in its case in chief.

    4)     Disclose any statements of witnesses under Title 18, United States Code, Section 3500.

E.     If the Government withholds the disclosure of items subject to discovery under Federal Rule of Criminal Procedure 16 or case law or statute, it will either: 1) provide notice to the defense of its intent to withhold disclosure and describe the nature of the item and the basis for withholding disclosure; or 2) submit in camera a motion to the court for a protective order describing the nature of the item, the basis for withholding disclosure and the need for in camera review and any sealing of the record. The

Government requests that, if the defendant withholds the disclosure of any such item(s), it provide such notice to the Government.

The disclosures and reciprocal disclosures set forth above apply to those objects, documents, items, and other disclosure matters that are in the possession, custody, or control of the parties at the time the obligation to disclose arises. The Government recognizes that it has a continuing duty to provide disclosures up to and through trial as to any matters required to be disclosed by statute, rule, or the United States Constitution. Nothing in this statement is intended to create any rights for the defendant or in any way restrict or expand the remedies available to the Court for any breach of any disclosure obligations.

The Government holds itself available to make good faith efforts to confer with defense counsel to resolve informally any dispute over the scope, manner and method of disclosures before seeking relief from the Court.

DATED: July 2, 2020.

NICHOLAS A. TRUTANICH
United States Attorney

/s/ Nicholas D. Dickinson

NICHOLAS D. DICKINSON
Assistant United States Attorney
District of Nevada